United States District Court
Southern District of Texas
**ENTERED**
November 05, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Eva Melissa Castro-Aquino, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-5344 |
| | § | |
| Martin Frink, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Eva Melissa Castro-Aquino is a native and citizen of Honduras who illegally entered the United States. Docs. 1 at 3; 7 at 2. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that her present detention without a bond hearing violates substantive and procedural due process. Doc. 1 ¶¶ 23–28.

Now before the Court is Respondent's Motion for Summary Judgment, Doc. 7, to which Petitioner has responded in opposition, Doc. 8. Respondent maintains that Petitioner is not entitled to a bond hearing because she is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention during her removal proceedings. *See* Doc. 7 at 7–8; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

On October 23, 2026, the Fifth Circuit issued an *en banc* decision regarding the constitutionality of detention under § 1225(b)(2)(A). *See Sosnava Rodriguez v. Vergara*, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026). The Fifth Circuit held that neither procedural nor substantive due process requires a bond hearing or other process

beyond that provided by Congress for aliens in removal proceedings who have never been admitted to the United States. *Id.* at *5, *9–12. Indeed, for such aliens, "the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, *are* due process of law." *Id.* at *5 (quoting *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 138 (2020)) (emphasis in original). When rejecting the petitioners' substantive due process claims, the Fifth Circuit flatly stated that "[a]ny assertion of a fundamental right to freedom from custody pending removal proceedings fails." *Id.* at *11. Further, the Fifth Circuit addressed the duration of detention without a bond hearing that is constitutionally permissible under § 1225(b)(2)(A): "So long as an alien's detention pending removal 'has a definite termination point'—removal or release—his or her continued confinement without bond hearing does not offend due process." *Id.* at *13 (quoting *Banyee v. Garland*, 115 F.4th 928, 932 (8th Cir. 2024)).

Taken together, the Fifth Circuit's decisions in *Buenrostro-Mendez* and *Sosnava Rodriguez* resolve any claims in the Petition that Petitioner's present detention violates the Immigration and Naturalization Act or the Fifth Amendment's Due Process Clause. As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 5th of November, 2026.

Nicholas J. Ganjei
United States District Judge